**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **INFOHAND CO., LTD.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-2056-CM-DJW |
| | ) |
| **SPRINT SPECTRUM L.P.,** | ) |
| | ) |
| **Defendant.** | ) |

**PROTECTIVE ORDER
GOVERNING CONFIDENTIAL MATERIALS**

The parties have agreed that certain discovery materials should be subject to a protective order issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure because the nature of some of the information that has been or may be divulged in discovery is confidential or proprietary business information.  Thus, they have urged the court to enter such an order.  The court now does so as follows:

1. This order governs the handling of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded, graphic matter or other information ("discovery material") produced by or obtained from any party or from any non-party that states its desire to be afforded producing person status under this order (the "producing person") during the proceedings in this action.  Discovery material may be used only for the prosecution or defense through final disposition on appeal, if any, of this action.

2. Any party or other producing person may designate as confidential discovery materials that contain or disclose confidential or proprietary information,

including business, commercial, or financial information; trade secrets; and research and development information.  All discovery materials so designated and all information derived therefrom will be referred to in this order as "Confidential Discovery Material," and must be handled in strict accordance with the terms of this order.

   3. Confidential Discovery Material:

   (a) Confidential Discovery Material may include, or be included in, but is not limited to, documents, transcripts, information disclosed in an interrogatory answer or response to request for admissions, information revealed during a deposition, and information otherwise disclosed in discovery, briefs, affidavits, summaries, notes, abstracts, motions, and any instrument that comprises, embodies, or summarizes material that constitutes Confidential Discovery Material.

   (b) Confidential Discovery Material, or any portion thereof, must be designated as confidential at or prior to the time at which it is produced to the receiving party by marking or stamping it as "Confidential."  With respect to multi-page documents that contain confidential information, the designation may be made by marking only the first page thereof "Confidential" so long as any such multi-page document is securely bound.  Any copy, memorandum, summary, or abstract (excluding memoranda, summaries, or abstracts used solely internally by counsel of record to one of the parties) containing Confidential Discovery Material must likewise bear on its face the "Confidential" designation.

   (c) The producing person or any party may, on the record of a deposition, or within ten days after receipt of the transcript of such deposition, designate any portion of the deposition as "Confidential" under the terms of this order.  The original and all copies

746812.4   2

of deposition transcripts that contain material designated as confidential must be prominently marked "Confidential" on the cover thereof. After filing a motion for leave to do so, which is thereafter granted by the court, the portion of the transcript designated as confidential must be filed under seal as provided herein, unless the confidentiality designation has been previously removed by agreement of the parties or an order of the court. Disclosure of discovery material prior to its designation as "Confidential" in accordance with this paragraph will not violate the terms of this order; however, a person disclosing discovery material that is later designated as confidential must use its reasonable efforts to retrieve such material from the recipient and prevent further disclosures except as authorized in this order.

(d) Subject to Paragraph 2 and 3(a) of this order, any party to this action may designate as "Confidential" any discovery material that was authored by a party or any related companies and personnel but produced by a non-party or included in a transcript of oral testimony by a non-party, and the provisions of this order will apply to any such designation as if the party making such designation was the producing party.

4. The discovery material specifically designated as "Confidential" should not be shown or given to any person except as follows:

(a) any person, or officer, director, or employee of any corporate entity who wrote or created the Confidential Discovery Material, or to whom the material was originally addressed or copied prior to the commencement of this action in substantially the form provided;

(b) any party to this litigation, its officers, directors, or employees;

(c) counsel to the parties to this action, or the officers, directors, or employees of those parties, and the paralegal, clerical, and secretarial staff, as well as the outside duplicating services employed by such counsel;

(d) internal counsel who are employees of the parties and are providing legal advice and assistance in respect of this action;

(e) any person engaged by counsel to this action or the parties to this action to assist in this litigation, including experts or consultants, provided such person has first signed the Confidentiality Agreement in the form of Exhibit A;

(f) the court, court personnel and officers, and stenographic and videotape court reporters who record testimony taken in the course of this litigation (see paragraph 6 below concerning the filing of any documents with the court that include or disclose confidential information);

(g) persons whose depositions have been set or who have been identified as witnesses who may testify at any hearing or deposition in this action;

(h) any person as may be required by law or legal process (but see paragraph 8 below); or

(i) any other person to which the parties agree to in writing, provided such person has first signed a Confidentiality Agreement in the form of Exhibit A.

5. Prior to showing any document designated as confidential to any person described in paragraph 4(a)-(d) and (f)-(h), the person showing the material to the permitted person must inform that person of this order and provide a copy of it to them. Before any person described in paragraphs 4(e) or (i) is given access to any document designated as confidential, counsel for the party proposing to make such disclosure must

secure the signature of such person on a Confidentiality Agreement in the form of Exhibit A.

6. A party wishing to file with the Court any discovery material that has been designated as "Confidential" must file a motion for leave to file that particular material under seal. After being granted leave to file the Confidential Discovery Material under seal, the material shall be filed in accordance with the District of Kansas Electronic Case Filing Administrative Procedures, as may be amended from time to time, and shall be filed in a sealed envelope. Where possible, only the "Confidential" information in the filing with court is to be filed under seal. The sealed envelope must be marked "Confidential Pursuant to Court Order" on its face. In addition, the envelope must (a) bear the caption of the case, (b) contain a concise, non-disclosing inventory of its contents for docketing purposes, and (c) state thereon that it is filed under the terms of the order.

7. Subject to the Federal Rules of Evidence, Confidential Discovery Material may be offered in evidence at trial or any hearing in open court, provided that the proponent of the evidence gives advance notice to counsel for the person that designated the information or document as "Confidential." Any producing party or person may move the court for an order that the evidence be received in camera or under conditions to prevent unnecessary disclosure. Nothing in this order operates as an admission by any party that any particular Confidential Discovery Material is or is not admissible in evidence in these proceedings.

8. If any party or person that has obtained Confidential Discovery Material subject to the terms of this order receives a subpoena or other discovery request

commanding the production of any such Confidential Information ("Subpoenaed Information"), such party or person must, if permitted by law, immediately notify the producing person in writing, and that notice must include the date set for the production or disclosure of the Subpoenaed Information. The party to whom the subpoena or request is directed must not produce the Subpoenaed Information prior to the date set forth in the notice or, if served with a motion to quash or modify the subpoena or request, prior to the resolution of the motion to quash or modify.

9. Inadvertent production of any information, document, or thing without its being marked "Confidential" is not itself a waiver of any claim of confidentiality as to such matter, and the same may thereafter be designated as confidential in accordance with the terms of this order.

10. If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this order, the party responsible for the disclosure must, immediately upon learning of such disclosure, inform all parties of all pertinent facts relating to such disclosure and make every reasonable effort to retrieve the Material and to prevent disclosure by each unauthorized person who received such Material.

11. Producing or receiving materials pursuant to, and/or otherwise complying with, the terms of this order does not:

(a) operate as an admission by any party that any particular discovery material contains or reflects confidential, proprietary or competitively or personally sensitive business, commercial, financial information, or other information permitted to be designated as confidential under this order.

(b) be construed as a concession that such discovery material is relevant or material to any issue or is otherwise discoverable;

(c) prejudice in any way the rights of any producing person to object to the production of documents that it considers not subject to discovery;

(d) prejudice in any way the rights of a party to seek a determination of the court that particular discovery materials should be produced; or

(e) prejudice in any way the rights of a designating person to apply to the court for a further protective order relating to any confidential information;

(f) prejudice in any way or waive in any respect the right to assert any privilege as to any discovery material, whether or not designated as confidential pursuant to this order; or

(g) be used in any way as evidence in this action.

12. This order has no effect upon, and its scope does not extent to (a) any producing person's use of its own discovery material or Confidential Discovery Material, (b) information that is obtained from sources other than a producing person in this action, or (c) information that is or becomes generally available to the public other than as a result of disclosure in violation of this order.

13. If any party disputes the propriety of a designation of information as confidential, such party must provide each other party, or third party, if the dispute involves information produced by such third party, with written notice, and all parties must make good faith efforts to resolve the dispute without intervention of this court. If the parties are unable to resolve the dispute, the party disputing the designation may request appropriate relief from this court. The burden of establishing that the information

has been properly designated as confidential is on the disclosing party making such designation. The challenged designation will remain in effect until changed by order of the court or agreement of the disclosing party. The Confidential Discovery Material must be treated in accordance with the terms of this order pending the court's ruling. This order does not alter the burden imposed by law on any disclosing party objecting to, or otherwise seeking to limit the production or dissemination of documents and things. This order also does not alter any procedures for resolving discovery disputes established by this court or the Federal Rules of Civil Procedure. No party is obligated to challenge the propriety of the designation of any Confidential Discovery Material as confidential, and a failure to so challenge does not preclude any later objection to such designation or motion seeking permission to disclose such Confidential Discovery Material to persons not referenced in paragraph 4 of this order.

14.     Immediately after this action has been finally determined as defined below, all discovery material, together with all copies, summaries, and abstracts thereof, that have been designated as including confidential information pursuant to this order must be returned to the producing person or destroyed by the receiving parties and the receiving parties must represent in writing to the producing person that such destruction has taken place. Notwithstanding the foregoing, counsel for the parties may elect to retain one copy of all pleadings and deposition transcripts and exhibits thereto, other materials filed with the court, and attorney work product materials, including, but not limited to, correspondence, memoranda, and notes that contain or refer to confidential information for purposes of maintaining an integrated in-house record, provided that (a) the confidentiality continues to be preserved and (b) counsel so informs counsel to the

producing person in writing. For purposes of this order, this action will be deemed to have been finally determined when the court has entered a final appealable judgment dispositive of all issues then remaining in the action and no timely appeal has been taken by any party to the action. If an appeal is taken, the action will not be deemed finally determined until the conclusion of all possible appeals and/or remittitur.

15.    Any material that was possessed by a receiving party prior to its disclosure by the producing party, or that comes within the possession of such other party through means not constituting a breach of this order, need not be treated as Confidential Discovery Material under the terms of this order.

16.    The court reserves the power and authority to remove documents and materials from the scope of this order if it finds that documents or materials designated by the parties do not constitute material properly described as protectable by Rule 26(c) of the Federal Rules of Civil Procedure or this order. A party may seek leave of court to reopen the case after its termination to enforce the provisions of the protective order.

IT IS SO ORDERED.

_____

DATED: 4/12/2006

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **INFOHAND CO., LTD.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-2056-CM-DJW |
| | ) |
| **SPRINT SPECTRUM L.P.,** | ) |
| | ) |
| **Defendant.** | ) |

## **CONFIDENTIALITY AGREEMENT**

STATE OF _____ )
                                           ) ss
COUNTY OF _____ )

_____, being duly sworn, deposes and says:

I have been requested by **[name of party to the action]** through its counsel to inspect certain materials that are designated as "Confidential" within the terms of the order in the above-entitled action, dated **[month] [day],** 2005 (the "Order") for the purpose of assisting counsel to prepare for the trial of the case.

    1.    I have read the Order, and agree to be bound by its terms.

    2.    In addition to agreeing not to disclose to anyone any such materials other than as set forth in the Order, I also agree not to make any copies of any such materials except in accordance with the Order. I also agree that any materials furnished to me will be used by me only for the purposes of this action and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

      3.      I hereby consent to the jurisdiction of the United States District Court for the District of Kansas with regard to the enforcement of the undertakings I have made herein.

                                                                                                          Signature

Subscribed and sworn to before me this

_____ day of _____, 200\_\_.


_____
            Notary Public